BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE DELTA DENTAL ANTITRUST LITIGATION** | MDL DOCKET NO. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR THE TRANSFER OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs in the consolidated action captioned *In re Delta Dental Antitrust Litigation*, Case No. 1:19-cv-06734 (N.D. Ill. Nov. 26, 2019), respectfully submit this Memorandum of Law in support of their motion pursuant to 28 U.S.C. § 1407 to transfer and coordinate or consolidate related actions to the Northern District of Illinois.[1]

## BACKGROUND

On October 11, 2019, Plaintiff Robert S. Dolgow filed a complaint in the Northern District of Illinois, asserting that a group of corporate defendants operating under the Delta Dental brand (collectively, "Delta Dental") suppressed competition and fixed provider reimbursement rates in violation of the Sherman Act. *See Dolgow v. Delta Dental Insurance Co. et al.,* Case No. 1:19-cv-06743, (N.D. Ill. Oct. 11, 2019), ECF No. 1.[2]  This complaint represented the culmination of almost a year of extensive investigation, factual development and legal analysis, including retention of and work with industry experts and economists, by Quinn

---

[1] The moving Plaintiffs are B. Kyle Benton, P.A.; Kaufman & Kaufman Smile Design Studio, LLC; Legacy Dental Associates, P.C.; Dr. Rick Lindley, DDS, FICD; Dr. Stephen P. Dultz, DMD; Simon and Simon, PC; Mary M. Fisher, DDS; Tooth Town Pediatric Dentistry, PLLC; Bemus Point Dental, LLC; and Rittenhouse Smiles, P.C.

[2] Unless otherwise indicated, ECF docket entries refer to Case No. 1:19-cv-06743.

1

Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and the other lawyers on the *Dolgow* complaint. The *Dolgow* case was assigned to the Honorable Elaine Bucklo. Over the next month, ten more class action complaints were filed in the Northern District of Illinois, alleging substantially similar claims against the same group of Delta Dental defendants.[3]

On October 28, 2019, Plaintiff Robert Dolgow, with the consent of Defendants and Plaintiffs in the subsequently filed actions, moved for reassignment of the subsequently filed actions to Judge Bucklo. ECF No. 9. The Court held an in-person conference regarding that motion on November 8, 2019. At the conference, the Court addressed, among other things, the next steps following reassignment of the cases, including the filing of a consolidated complaint and the schedule for any motion to dismiss. The Court directed the parties to meet and confer, in advance of the filing of a consolidated complaint, regarding any suggestions by Defendants that incorrect parties had been named as defendants. *See Dolgow*, Case No. 1:19-cv-06743, November 8, 2019 Hearing Transcript ("Tr.") (attached as Exhibit A) at 10:17-20 (The Court: "Well, why don't you people talk about that. It would really be nice not to have to deal with motions with respect to just an incorrect entity when you can solve that."). The Court also discussed scheduling another conference on January 31, 2020. Later that same day, the Court entered a minute order granting Plaintiffs' motion to reassign all eleven cases to Judge Bucklo

---

[3] *B. Kyle Benton, P.A. v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-06739 (N.D. Ill. Oct. 11, 2019); *Kaufman & Kaufman Smile Design Studio LLC v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-06743 (N.D. Ill. Oct. 11, 2019); *Legacy Dental Associates, P.C. v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-06744 (N.D. Ill. Oct. 11, 2019); *Dr. Rick Lindley, DDS, FICD v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-06747 (N.D. Ill. Oct. 11, 2019); *Dr. Stephen P. Dultz DMD v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-06758 (N.D. Oct 11, 2019); *Simon and Simon v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-06776 (N.D. Ill. Oct. 14, 2019); *Mary M. Fisher, DDS, P.C., v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-07090 (N.D. Ill. Oct. 28, 2019); *Tooth Town Pediatric Dentistry, PLLC v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-07279 (N.D. Ill. Nov. 4, 2019); *Bemus Point Dental LLC v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-07362 (N.D. Ill. Nov. 6, 2019); and *Rittenhouse Smiles, P.C. v. Delta Dental Ins. Co., et al.*, No. 1:19-cv-07395 (N.D. Ill. Nov. 7, 2019).

pursuant to Local Rule 40.4.  The minute order directed that Plaintiffs should file a consolidated complaint within two weeks of the formal reassignment of the cases, and that Defendants should answer or otherwise respond to the consolidated complaint within 60 days thereafter.  The minute order also set the next conference for January 31, 2020.

Plaintiffs in all of the then-pending cases, with defendants' consent, filed a proposed initial case management order on November 14, 2019.  ECF No. 48.  On November 25, 2019, Judge Bucklo issued the Initial Case Management Order ("CMO"), which consolidated all of the cases under the caption *In re Delta Dental Antitrust Litigation* (the "Consolidated Action").  The CMO also appointed, with the consent of all plaintiffs that had filed cases to date, both Interim Co-Lead Class Counsel and a plaintiffs Executive Committee, along with a chairman of the Executive Committee.  The CMO also incorporated, from the Court's November 8 minute order, the schedule for filing of and responding to the consolidated amended complaint.  And the CMO reiterated that the next conference would be held on January 31, 2020.  ECF No. 95.

Plaintiffs, under the leadership of Interim Co-Lead Counsel and the Executive Committee, the filed the Consolidated Complaint on November 26, 2019.  ECF No. 96.  That Consolidated Complaint embodied a number of revisions from the original complaints, reflecting both further investigation and analysis, as well as input about proper parties received from Defendants during the meet and confer that Judge Bucklo had directed the parties to undertake.

Also on November 26, 2019, about six weeks after the initial Dolgow complaint had been filed, a twelfth related case was filed in the Northern District of Illinois captioned *American Dental Association et. al. v. Delta Dental Insurance Company et. al.,* Case No. 1:19-cv-07808-JJT and assigned to Judge John J. Tharp ("American Dental Complaint").  The American Dental Complaint largely replicates the allegations and claims in the original *Dolgow* complaint – and,

indeed, names defendants that had appeared in the *Dolgow* complaint but were not included in the Consolidated Complaint based on information that Interim Co-Lead Class Counsel appointed by Judge Bucklo had received from Defendants that these were improperly named parties. Pursuant to the CMO entered by Judge Bucklo, the American Dental Complaint is due to be reassigned to Judge Bucklo.

Then on December 9, 2019, two full months after the *Dolgow* action was filed—and two weeks after Judge Bucklo's entry of the Initial Case Management Order and the filing of the Consolidated Complaint—a new related class action complaint, virtually copying the American Dental Complaint (including the improperly named defendants) was filed in the Southern District of Florida (*Dr. Stephen N. Obeng, DMD v. Delta Dental Plans Ass'n, et al.*, Case No. 1:19-cv-25072-UU).  And on December 11, 2019, another virtually identical case was filed in the Southern District of Mississippi (*Dr. William Dickey, DMD v. Delta Dental Plans Association.*, Case No. 19-cv-00910-DPJ-FKB).  It is possible that additional actions will be filed in jurisdictions other than the Northern District of Illinois.  The *Dr. Stephen N. Obeng, DMD* action, and *Dr. William Dickey, DMD* action, together with any additional related actions that may be filed in jurisdictions other than the Northern District of Illinois, are referred to herein as the "Related Actions."  Transfer of all the Related Actions to the same forum as the pending Consolidated Actions is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judges in the federal courts in which the Related Actions have been filed.

The most appropriate forum for centralization of the Related Actions is the Northern District of Illinois before Judge Elaine E. Bucklo because, among other reasons:

1. The first filed case, *Dolgow v. Delta Dental Insurance Co. et al.,* Case No. 1:19-cv-06743, filed after almost a year of extensive investigation, factual development, expert review, and legal analysis by Co-Lead Counsel and other counsel named on the *Dolgow* complaint, is in the Northern District of Illinois

2. There are twelve cases already on file in the Northern District of Illinois, eleven of which are already assigned to Judge Bucklo, and the twelfth of which is due to be assigned to Judge Bucklo;

3. Judge Bucklo has already entered the initial CMO, that among other things appointed Interim Co-Lead Class Counsel and a plaintiffs Executive Committee, set a schedule for filing of a consolidated complaint in November 2019 and any motion to dismiss in January 2019, scheduled a next court conference on January 31, 2019, and established various procedures to govern the consolidated actions. (The CMO attached as exhibit B hereto);

4. The Consolidated Complaint was filed on November 25, 2019, with the motion to dismiss due to be filed 60 days thereafter in January 2019;

5. Judge Bucklo has already held a first in person status conference on November 8, 2019, and has scheduled a second in person conference for January 31, 2020;

6. Judge Bucklo established a new caption for the Consolidated Action titled: *In re Delta Dental Antitrust Litigation*;

7. The cases filed in Florida and Mississippi and before Judge Tharp are effectively copies of the initially filed *Dolgow* action, repeating the same legal theories and substantially the same factual allegations, and indeed include defendants that had been named in the *Dolgow* action but were removed from the Consolidated

      Complaint in the Northern District of Illinois following a meet and confer with Defendants required by Judge Bucklo to eliminate any improperly named parties without the need for motion practice;

8. The Northern District of Illinois has extensive expertise in dealing with issues presented by complex multidistrict litigation, particularly antitrust litigation;

9. Judge Bucklo already has considerable experience overseeing multidistrict litigation, including *Synthroid Marketing Litigation*, MDL 1182, *In re Capital One Telephone Consumer Protection Act Litigation*, MDL 2516, and *In re McDonald's French Fries Antitrust Litigation*, MDL 1784;

10. Two key defendants, Delta Dental Plans Association and Delta USA, are headquartered and do business in the Northern District of Illinois; and

11. The Northern District of Illinois is a convenient, centrally located and readily accessible forum for potential witnesses, counsel, and the parties.

The Related Actions should, therefore, be transferred and coordinated or consolidated in the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

## ARGUMENT

**I.      Transfer and Coordination or Consolidation in One District is Appropriate.**

28 U.S.C. § 1407 provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). This Panel shall order such transfer "upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* Here, the overlapping questions of law and fact among all of the actions, and the

convenience of the parties and witnesses and considerations of judicial efficiency, all strongly favor transferring the Related Actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

### A. The Related Actions Share Common Questions of Law and Fact.

The Related Actions share common questions of law and fact since they allege comparable core allegations against primarily the same defendants based on common transactions and events. *See, e.g., In re UnumProvident Corp. Sec., Deriv. & ERISA Litig.*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003) (centralization appropriate where "all actions [could] be expected to focus on a significant number of common events, defendants, and/or witnesses" and "core factual allegations" were consistent among the actions). "Section 1407 does not," however, "required a complete identity or even a majority of common factual issues as a prerequisite to centralization." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 24 F. Supp. 3d 1361, 1363 (J.P.M.L. 2014) (quoting *In re Park W. Galleries, Inc., Litig.*, 887 F. Supp. 2d 1385, 1385 (J.P.M.L. 2012)).

The individual complaints in the Related Actions involve questions of fact that are not merely common, but virtually identical to the Consolidated Action. In the Related Actions, the complaints focus on the same alleged anticompetitive conduct by Defendants: unlawfully conspiring to restrict competition among insurers operating under the "Delta Dental" brand and to fix reimbursement rates paid by Delta Dental insurers to dentists and dental practices in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. In comparing the allegations of the Related Actions, common questions abound, including, but not limited to:

(a) whether Defendants engaged in a conspiracy to allocate markets and fix reimbursement rates paid to dentists and dental practices;

    (b) the identities of the participants in the conspiracy;

    (c) the duration of the alleged conspiracy and the actions carried out by Defendants and their co-conspirators in furtherance of the conspiracy;

    (d) whether the alleged conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

    (e) whether the alleged conduct of Defendants and their co-conspirators caused injury to the business or property of Plaintiffs and the members of the Class;

    (f) the effect of the alleged conspiracy on reimbursement rates paid to dentists and dental practices during the Class Period;

    (g) the appropriate injunctive and related equitable relief for Plaintiffs and the Class; and

    (h) the appropriate class-wide measure of damages.

Each of these common questions is at issue in all of the Related Actions and the Consolidated Action in the Northern District of Illinois.

    The overlap here is more than sufficient to merit transfer and coordination pursuant to Section 1407. *See, e.g., In re Local TV Advertising Antitrust Litig.*, 338 F. Supp. 3d 1341 (J.P.M.L. 2018) (transfer to the Northern District of Illinois was appropriate where actions commonly alleged that a conspiracy was effectuated by sharing competitively sensitive information); *In re Intel Corp. Microprocessor Antitrust Litig.*, 403 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (transfer was appropriate where common defendant allegedly monopolized the market for microprocessing chips); *In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004) (transfer was appropriate where related actions alleged common defendant had monopolized the market for extra-sweet pineapples by fraudulently enforcing a patent); *In re Pharm. Indus. Average Wholesale Price Litig.*, 237 F. Supp. 2d 1377, 1379 (J.P.M.L. 2002) (to the extent non-common issues arise, transfer can have the "salutary effect of placing all actions

in this docket before a single judge who can formulate a pretrial program that [] allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues").

### B. Transfer Will Promote Convenient, Just, and Efficient Litigation of the Related Actions.

The Panel will order transfer where it would "eliminate duplicative discovery; prevent inconsistent pre-trial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary." *In re U.S. Foodservice, Inc., Pricing Litig.*, 528 F. Supp. 2d 1370, 1371 (J.P.M.L. 2007). Plaintiffs in the Related Actions and the Consolidated Action in the Northern District of Illinois necessarily will seek similar discovery from the Delta Dental defendants to develop their common allegations and legal theories as to the alleged anti-competitive conduct. The benefits to Defendants are obvious as well, as they would not need to submit to repetitive and duplicative depositions, document discovery, discovery-related motion practice, and class certification briefing. *See, e.g., In re Pilot Flying J Fuel Rebate Contract Litig. (No. II)*, 11 F. Supp. 3d 1351, 1352 (J.P.M.L. 2014); *In re Fresh & Processed Potatoes Antitrust Litig.*, 744 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).

That the Related Actions are putative class actions only strengthens the argument for transferring them for coordination or consolidation in a single forum. "The need to eliminate" the risk of inconsistent class certification rulings "presents a highly persuasive reason favoring transfer under Section 1407." *In re Roadway Exp., Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974). *See also In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, 26 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) ("Centralization will . . . prevent inconsistent pretrial rulings (particularly as to class certification) . . ."); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F. Supp. 2d 1346, 1347 (J.P.M.L. 2006) (ordering transfer "in order to

eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification . . ."). In short, this is an ideal circumstance for a transfer order pursuant to Section 1407.

## II. The Northern District of Illinois is the Most Appropriate Forum.

The Northern District of Illinois is the most appropriate forum for a coordinated or consolidated MDL of the Related Actions and the Consolidated Action, since (1) the first filed case, *Dolgow v. Delta Dental Insurance Co. et al.,* Case No. 1:19-cv-06743 was filed in the Northern District of Illinois, after nearly a year of investigation and development by Plaintiffs' counsel; (2) twelve cases are currently on file in the Northern District of Illinois, eleven of which are already assigned to Judge Bucklo; (3) Judge Bucklo has already entered the CMO appointing Interim Co-Lead Class Counsel and an Executive Committee, directing the filing of the Consolidated Complaint and setting deadlines for Defendants to respond to the Consolidated Complaint; (4) the Consolidated Complaint has already been filed, reflecting substantive enhancements of the claim and a refined list of defendants based on meeting and conferring with the Defendants as directed by Judge Bucklo; (5) the Defendants' motion to dismiss the Consolidated Complaint is scheduled to be filed in late January 2020; (6) the Court has scheduled a next conference for January 31, 2020; (7) the Northern District of Illinois courts have demonstrated expertise in complex MDLs, including in the antitrust arena; (8) Judge Bucklo has considerable experience overseeing MDLs; and (9) the Northern District of Illinois is a convenient, centrally located and readily accessible forum for witnesses, counsel, and parties.

### A. The Northern District is Where the First Filed Action is Pending and Judge Bucklo Has Significantly Advanced the Cases Already Consolidated in the District

On October 11, 2019, following nearly a year of factual investigation and development, as well as expert input, Plaintiff Robert S. Dolgow filed the first of a series of cases alleging that

a group of corporate defendants operating under the "Delta Dental" brand suppressed competition and fixed reimbursement rates, among other anticompetitive acts, in violation of the Sherman Act. Five additional cases were filed that same day, all of them in the Northern District of Illinois, and a total of ten class actions were filed in the Northern District of Illinois by early November 2019.

Judge Bucklo held an in-person conference with the parties on November 8, 2019. At the conference, among other things, the Court directed the parties to meet and confer, in advance of the filing of a Consolidated Complaint, regarding any suggestions by Defendants that incorrect parties had been named as defendants. *See* Tr. at 10:17-20 (The Court: "Well, why don't you people talk about that. It would really be nice not to have to deal with motion with respect to just an incorrect entity when you can solve that."). Later that day, the Court entered a minute order granting Plaintiffs' motion to reassign cases pursuant to Local Rule 40.4. The November 8 minute order also implemented a case schedule, directing that Plaintiffs file a consolidated complaint within two weeks of the reassignment, and that Defendants answer or otherwise respond within 60 days thereafter. The minute order also set an initial pretrial conference for January 31, 2020.

On November 14, 2019, counsel for all plaintiffs in the eleven pending cases filed a proposed initial case management order that, among other things, unanimously proposed that Quinn Emanuel, along with Wollmuth Maher & Deutsch LLP ("Wollmuth Maher"), be appointed Interim Co-Lead Class Counsel. Counsel also unanimously proposed that Robert N. Kaplan (of Kaplan Fox & Kilsheimer LLP), John R. Malkinson (of Malkinson & Halpern PC), John Radice (of the Radice Law Firm), Gregory P. Hansel (of Preti, Flaherty, Beliveau & Pachios LLP), and Eugene A. Spector (of Spector Roseman & Kodroff, P.C.), serve as members

of a Plaintiffs' Executive Committee, with Robert Kaplan to serve as the Executive Committee chair.  ECF No. 48.

The proposed CMO set forth provisions for subsequently filed cases making similar allegations as those in the existing complaints on November 25, 2019.  Specifically, the proposed CMO provided that:

> All counsel for Plaintiffs agree that the aforementioned cases, as well as any other cases involving substantially similar allegations that may subsequently be filed in this district should be transferred to this Court and consolidated to further promote the efficient disposition of the claims raised.  As such, these cases are hereby consolidated for all further proceedings under docket number: 1:19-cv-06734 (the "Consolidated Action")

*Id.* at ¶ 9.  The proposed CMO reiterated the deadline (two weeks following reassignment of the original cases) for filing a Consolidated Complaint, and directed that the Consolidated Complaint would become "the operative class action complaint, and the Defendants shall not be required to answer or otherwise respond to any other class action complaint filed to date or transferred into this Court."  *Id.* at ¶ 18.  The proposed CMO also reiterated the 60-day deadline for Defendants to answer or otherwise respond to the Consolidated Complaint.  *Id.* at ¶ 19.

The Court entered the CMO on November 25, 2019 appointing interim Co-Lead Class Counsel and the Executive Committee, and also including (among other things) all of the proposed provisions identified above.   Pursuant to the Case Management Order, the eleven already-filed cases have been consolidated under the caption "In re Delta Dental Antitrust Litigation."  The CMO reiterated the 60-day deadline for Defendants to respond to the consolidated complaint.

Plaintiffs' interim lead class counsel and the executive committee duly filed the Consolidated Complaint on November 26, 2019 (Dkt. No. 96).[4]  That Consolidated Complaint

---

[4] A number of other counsel representing impacted dentists and dental practices, including Keller Rohrback LLP, Reinhardt Wendorf & Blanchfield LLP and McLafferty Law Firm P.C. indicated

reflects both the feedback from Defendants counsel regarding the originally named defendants and other issues, about which the parties conferred pursuant to the Court's directive, as well as revisions resulting from further assessment, research and analysis by lead counsel and the executive committee.  Under the CMO, Defendants have until 60 days after November 26, 2019 to respond to the Consolidated Complaint.  If Defendants move to dismiss, Plaintiffs will have 60 days thereafter to respond, and Defendants will then have another 30 days for a reply.  *See* CMO ¶¶ 18-22.

### B. The Northern District of Illinois' Judicial Expertise and Experience Makes It Very Well Equipped To Oversee a Nationwide Antitrust MDL

Perhaps due to its preeminence as a financial hub and the interest and expertise of several Seventh Circuit judges in economic analysis of law, the Northern District of Illinois has been entrusted to manage many antitrust MDLs, including nine that are currently pending.[5]  These include well-known antitrust class actions concerning local television advertising, amino acid lysine, sulfuric acid, plasma-derivative protein therapies, potash, text messaging, cheese, broiler chicken, and brand-name prescription drugs.[6]  This depth of experience will serve the interests of the parties and the absent Class members, given the expansive role of an MDL forum in presiding over and resolving virtually all pretrial proceedings, including dispositive motions,

---

a desire to file complaints in this district to join in the prosecution of this action.  Each of them contacted interim co-lead class counsel in advance of any filing. Rather than filing individual cases, they each agreed to join as counsel of record in the Consolidated Complaint to work within the structure already ordered by the Court for the continued efficient prosecution of this action.

[5] United States Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Docket Type Summary, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDLs_by_District-November-19-2019.pdf.

[6] *See* MDL No. 2867; MDL No. 1083; 03-cv-4576, MDL No. 1536; 09-cv-7666, MDL No. 2109; 08-cv-6910, MDL No. 1996; 08-cv-7082, 09-cv-2192, MDL No. 1997; 09-cr-3690, MDL No. 2031; 16-cv-8637, MDL No. 2838; 94-cv-0897, MDL No. 997.

discovery, and class certification. There are few, if any judicial forums better equipped to manage a sprawling antitrust MDL than the Northern District of Illinois.

Judge Bucklo is an example of the district's well-qualified MDL judges. Judge Bucklo has already overseen three MDLs, *Synthroid Marketing Litigation*, MDL 1182, *In re Capital One Telephone Consumer Protection Act Litigation*, MDL 2516, and *In re McDonald's French Fries Antitrust Litigation*, MDL 1784. Judge Bucklo in this case has already demonstrated her ability to manage complex, multi-case cases efficiently and effectively.

### C. The Northern District of Illinois is the Most Convenient and Accessible Location for the Parties and Witnesses

Defendants' conspiracy to allocate markets and fix insurer reimbursement rates to dentists and dental practices injured Plaintiffs and Class members throughout the United States. Thus, a centrally located forum with highly accessible transportation is superior to other less accessible venues that may be more geographically distant from the location of many Class members, witnesses, parties, and counsel. The Northern District of Illinois contains two international airports, O'Hare International Airport and Chicago Midway International Airport, the former of which is the third busiest airport in the country by number of passengers and the fifth busiest worldwide.

For purposes of litigating a sprawling nationwide class action that likely includes fact witnesses and experts in distant but populous states like California and Texas, a Midwestern forum is clearly superior to one on the Eastern Seaboard. Furthermore, key Defendants Delta Dental Plans Association and DeltaUSA are both headquartered in the Northern District of Illinois in Oak Brook, Illinois, just outside of Chicago. Given their likely prominence in the alleged conspiracy, it is probable that significant numbers of witnesses and relevant documents are presently located in the Chicago area. This makes the Northern District of Illinois an ideal

forum from the vantage of convenience to the parties and witnesses in conducting discovery, and also evidences the Northern District's strong nexus to Plaintiffs' allegations.

## CONCLUSION

Accordingly, Plaintiffs in the consolidated action captioned *In re Delta Dental Antitrust Litigation*, Case No. 1:19-cv-06734 (N.D. Ill. Nov. 26, 2019) respectfully request that the Panel grant their Motion to transfer the Related Actions to the Northern District of Illinois, and that the Related Actions and the pending Consolidated Action in the Northern District of Illinois be assigned in a multi-district litigation to the Honorable Elaine Bucklo for coordinated or consolidated pretrial proceedings.

Dated: December 13, 2019

Respectfully submitted,

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **WOLLMUTH MAHER & DEUTSCH LLP** |
| By /s/ Stephen R. Neuwirth | By /s/ Ronald J. Aranoff |
| Stephen R. Neuwirth | Ronald J. Aranoff |
| Toby E. Futter | Cassandra Postighone |
| Joseph Kiefer | 500 Fifth Avenue – 12th Floor |
| 51 Madison Avenue, 22nd Floor | New York, New York  10110 |
| New York, New York  10010 | Telephone: (212) 382-3300 |
| Telephone:  212 849-7000 | raranoff@wmd-law.com |
| stephenneuwirth@quinnemanuel.com | cpostinghone@wmd-law.com |
| tobyfutter@quinnemanuel.com | |
| joekiefer@quinnemanuel.com | *Interim Co-Lead Class Counsel* |

Leonid Feller, P.C.
Athena Dalton
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
leonidfeller@quinnemanuel.com
athenadalton@quinnemanuel.com

*Interim Co-Lead Class Counsel*

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Gregory Arenson
Elana Katcher
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
ekatcher@kaplanfox.com

*Chair, Plaintiffs' Interim Executive Committee*

**SPECTOR ROSEMAN & KODROFF, P.C.**
Eugene A. Spector
Jeffrey L. Spector
William G. Caldes
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkattorneys.com
jspector@srkattorneys.com
bcaldes@srkattorneys.com

*Member, Plaintiffs' Interim Executive Committee*

**MALKINSON & HALPERN, P.C.**
John R. Malkinson
33 North Dearborn Street, Suite 1540
Chicago, IL 60602
Telephone: (312) 427-9600
jmalkinson@mhtriallaw.com

*Member, Plaintiffs' Interim Executive Committee*

**RADICE LAW FIRM**
John Radice
April Dawn Lambert
475 Wall Street
Princeton, NJ 08540
Telephone (312) 339-7140
radice@radicelawfirm.com
alambert@radicelawfirm.com

*Member, Plaintiffs' Interim Executive Committee*

**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
Gregory P. Hansel
Randall B. Weill
Michael S. Smith
Elizabeth F. Quinby
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com
equinby@preti.com

*Member, Plaintiffs' Interim Executive Committee*

**CARNEY, BATES, AND PULLIAM, PLLC**
William P. Creasman
519 W. 7th St.
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
wcreasman@cbplaw.com

*Counsel for Plaintiffs*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Stephanie M. Beige
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
bernstein@bernlieb.com
beige@bernlieb.com

*Counsel for Plaintiffs*

**FREED KANNER LONDON & MILLEN LLC**
William H. London
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
wlondon@fklmlaw.com

*Counsel for Plaintiffs*

**REINHARD WENDORF & BLANCHFIELD**
Garrett D. Blanchfield, Jr.
Brant D. Penney
332 Minnesota Street, Suite W-1050
St. Paul, MN 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com

*Counsel for Plaintiffs*

**KELLER RORHBACK L.L.P.**
Mark A. Griffin
Raymond Farrow
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Mgriffin@kellerrohrback.com
Rfarrow@kellerrohrback.com

*Counsel for Plaintiffs*

**MCLAFFERTY LAW FIRM, P.C.**
David P. McLafferty
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 940-4000 ext. 12
dmclafferty@mclaffertylaw.com

*Counsel for Plaintiffs*