UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DELTA DENTAL ANTITRUST LITIGATION                MDL No. 2931


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiffs in eleven actions pending in the Northern District of Illinois and listed on Schedule A[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the actions listed on Schedule A in the Northern District of Illinois. This litigation consists of fourteen actions pending in three districts. Plaintiffs in all of the actions allege that Delta Dental insurance plans aggregated unlawful monopsony power in the market for dental insurance in the United States through their artificial territorial division of the market among the Delta Dental insurers. In addition to the actions on the motion, the parties have notified the Panel of ten related actions pending in eight districts.[2]

All responding parties either support or do not oppose centralization.[3] The parties, however, disagree as to the transferee district. In addition to movants, plaintiff in one potential tag-along action and the Delta Dental defendants[4] support centralization in the Northern District of Illinois.

---

[*] Judge Karen K. Caldwell took no part in the decision of this matter.

[1] Movants include plaintiffs in all of the Northern District of Illinois actions except *American Dental Association*.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Two groups of plaintiffs filed briefs in which they indicated that they do not oppose or contest centralization, but both groups of plaintiffs subsequently filed Notices of Presentation of Oral Argument indicating that they support centralization.

[4] The responding defendants include: Delta Dental Plans Association; Delta Dental Insurance Company; DeltaUSA; Arizona Dental Insurance Service, Inc. d/b/a Delta Dental of Arizona; Delta Dental Plan of Arkansas, Inc.; Delta Dental of California; Colorado Dental Service Inc. d/b/a Delta Dental of Colorado; Delta Dental of Connecticut Inc.; Delta Dental of Delaware Inc.; Delta Dental of the District of Columbia; Hawaii Dental Service; Delta Dental Plan of Idaho, Inc. d/b/a Delta Dental of Idaho; Delta Dental of Illinois; Delta Dental of Indiana, Inc.; Delta Dental of Iowa; Delta Dental of Kansas Inc.; Delta Dental of Kentucky, Inc.; Maine Dental Service Corporation d/b/a Delta Dental Plan of Maine; Dental Service of Massachusetts, Inc. d/b/a Delta Dental of Massachusetts; Delta Dental Plan of Michigan, Inc.; Delta Dental of Minnesota; Delta

(continued...)

-2-

Plaintiffs in the two non-Illinois actions on the motion, as well as plaintiffs in five potential tag-along actions, suggest centralization in the District of Minnesota. All but one of these plaintiffs alternatively suggest the Eastern District of Louisiana. Plaintiff in another potential tag-along action proposes centralization in the Northern District of California. Plaintiff American Dental Association takes no position on the transferee district.

After considering the arguments of counsel,[5] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that the Delta Dental defendants have divided and allocated among themselves dental insurance markets throughout the nation to eliminate competition. Plaintiffs allege that defendants abused their monopsony power to: (1) restrict competition between the Delta Dental insurers when operating under the "Delta Dental" brand; (2) reduce the amounts of reimbursement paid by the Delta Dental insurers to dentists and dental practices who provide services to patients under Delta Dental insurance plans; and/or (3) restrict competition between the Delta Dental insurers when operating under non-Delta Dental brands. Plaintiffs uniformly contend that the alleged conduct violates Section 1 of the Sherman Antitrust Act, as well as various related state laws. The actions also are brought on behalf of overlapping putative nationwide and state classes. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification); and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of Illinois is an appropriate transferee district for this litigation. Half of the related actions (including the potential tag-along actions) are pending in this district. Several important defendants are located in or near the Northern District of Illinois, including Delta Dental Plans Association—the association through which defendants allegedly allocated the dental insurance markets among the Delta Dental member insurers. Thus, relevant evidence and witnesses

---

[4](...continued)
Dental of Missouri; Delta Dental of Nebraska; Delta Dental Plan of New Hampshire, Inc.; Delta Dental of New Jersey, Inc.; Delta Dental Plan of New Mexico, Inc.; Delta Dental of New York Inc.; Delta Dental of North Carolina; Delta Dental Plan of Ohio, Inc.; Delta Dental Plan of Oklahoma; Oregon Dental Service d/b/a Delta Dental of Oregon; Delta Dental of Pennsylvania; Delta Dental of Puerto Rico, Inc.; Delta Dental of Rhode Island; Delta Dental of South Dakota; Delta Dental of Tennessee; Delta Dental Plan of Vermont, Inc.; Delta Dental of Virginia; Delta Dental of Washington; Delta Dental Plan of West Virginia, Inc.; Delta Dental of Wisconsin, Inc.; Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming; Dentegra Group Inc.; Dentegra Insurance Company; and Renaissance Health Service Corporation.

[5] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel considered without oral argument all matters considered at its hearing session of March 26, 2020, pursuant to Panel Rule 11.1(c). *See* Order Dispensing with Oral Argument in All Dockets, MDL No. 2931 (J.P.M.L. Mar. 12, 2020), ECF No. 166.

-3-

likely will be located in the district. Furthermore, both plaintiffs and defendants support centralization in the Northern District of Illinois, which is a geographically central and accessible forum for this nationwide litigation. And, centralization before the Honorable Elaine E. Bucklo allows us to assign this litigation to an able jurist with significant MDL experience. We are confident that Judge Bucklo will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Elaine E. Bucklo for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Ellen Segal Huvelle
Acting Chair

R. David Proctor        Catherine D. Perry
Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton

**IN RE: DELTA DENTAL ANTITRUST LITIGATION**  MDL No. 2931

## SCHEDULE A

<u>Southern District of Florida</u>

OBENG v. DELTA DENTAL PLANS ASSOCIATION, ET AL., C.A. No. 1:19−25072

<u>Northern District of Illinois</u>

IN RE DELTA DENTAL ANTITRUST LITIGATION, C.A. No. 1:19−06734
B. KYLE BENTON, P.A. v. DELTA DENTAL INSURANCE COMPANY, ET AL.,
    C.A. No. 1:19−06739
KAUFMAN & KAUFMAN SMILE DESIGN STUDIO LLC v. DELTA DENTAL
    INSURANCE COMPANY, ET AL., C.A. No. 1:19−06743
LEGACY DENTAL ASSOCIATES, P.C. v. DELTA DENTAL INSURANCE
    COMPANY, ET AL., C.A. No. 1:19−06744
DR. RICK LINDLEY, DDS, FICD v. DELTA DENTAL INSURANCE COMPANY,
    ET AL., C.A. No. 1:19−06747
DULTZ v. DELTA DENTAL INSURANCE CO., ET AL., C.A. No. 1:19−06758
SIMON AND SIMON, PC v. DELTA DENTAL PLANS ASSOCIATION, ET AL.,
    C.A. No. 1:19−06776
MARY M. FISHER, DDS, P.C. v. DELTA DENTAL INSURANCE COMPANY,
    ET AL., C.A. No. 1:19−07090
TOOTH TOWN PEDIATRIC DENTISTRY, PLLC v. DELTA DENTAL INSURANCE
    COMPANY, ET AL., C.A. No. 1:19−07279
BEMUS POINT DENTAL, LLC v. DELTA DENTAL INSURANCE COMPANY,
    ET AL., C.A. No. 1:19−07362
RITTENHOUSE SMILES, P.C. v. DELTA DENTAL INSURANCE COMPANY,
    ET AL., C.A. No. 1:19−07395
AMERICAN DENTAL ASSOCIATION, ET AL. v. DELTA DENTAL INSURANCE
    COMPANY, ET AL., C.A. No. 1:19−07808

<u>Southern District of Mississippi</u>

DICKEY v. DELTA DENTAL PLANS ASSOCIATION, ET AL., C.A. No. 3:19−00910