**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: DELTA DENTAL              )          **MDL No. 2931**
ANTITRUST LITIGATION             )

---

This document relates to the following case only:

*Justin Ben Zvi, DDS, Alina Lukashevsky, DDS, and Adam Merriam, DDS, individually and on behalf of all others similarly situated,* **Plaintiffs**

                              *v.*

*Delta Dental of New York Inc.,* **Defendant**,

(S.D. New York, No. 20-cv-05628)

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO VACATE CONDITIONAL TRANSFER ORDER 3 (CTO-3)**

Plaintiffs[1] respectfully submit this memorandum of law pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel"), in further support of Plaintiffs' motion to vacate Conditional Transfer Order 3 ("CTO-3"), and in reply to the response thereto filed by Defendants in MDL No. 2931 (the "Response").[2]

The Response concedes the Northern District of Illinois has no factual basis to serve as forum for Plaintiffs' action, providing no argument as to how the Northern District of Illinois has jurisdiction over "the specific claims at issue" by Plaintiffs here. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." (emphasis added)). Instead, the Response asks the JPML to ignore as "[i]rrelevant" the Supreme Court's clear expression of the boundaries of personal jurisdiction most recently enunciated in *Bristol-Myers*, which demand a transferee forum always have a connection to the specific claims at issue. (Resp. at 2–5).

There is no justification for the Panel to follow Defendants' head-in-sand approach to constitutional jurisdiction their Response recommends. Contrary to the Response's absurd assertion that the JPML is the only court in the land not bound by Due Process concerns, all courts must consider whether their orders violate Due Process.[3] *Bristol-Myers* sharpens the Due Process analysis this Panel consistently has employed in assessing the propriety of transfer pursuant to 28 U.S.C. § 1407. While *Bristol-Myers* might not limit the Panel's power to transfer other claims and

---

[1] Justin Ben Zvi, DDS, Alina Lukashevsky, DDS, and Adam Merriam, DDS, individually and on behalf of the class of all others similarly situated (the "Class") (together, "Plaintiffs").

[2] These filings have been docketed in Case MDL No. 2931 as follows: CTO-3, at Dkt. No. 178; Plaintiffs' notice of opposition to CTO-3, at Dkt. No. 180; Plaintiffs' motion to vacate CTO-3, and supporting memorandum of law, at Dkt. No. 184 (Pls.' Mot.); and the Response, at Dkt. No. 185. The defendants in MDL No. 2931 which filed the Response are listed in full therein. *Id*. at 1 n.1.

[3] *E.g.*, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (emphasizing necessity of courts' scrutinizing personal jurisdiction as threshold determination).

<u>other</u> defendants, it does limit the transfer of these claims by New York dentists against a New York-based company, Defendant Delta Dental of New York Inc. ("DDNY"), for conduct that occurred in New York. *See* 137 S. Ct. at 1781 (transfer unconstitutional on personal jurisdiction grounds when action was sent to California-based court because "nonresident[ plaintiffs] were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California").

## I.    ARGUMENT [4]

### A. *Bristol Myers* Forbids Using Legal Fictions To Justify Unconstitutional Transfer

In arguing this Panel must ignore the Due Process issues Plaintiffs raise, the Response trots out two now-abrogated legal fictions previously employed to justify MDL transfers implicating personal jurisdiction concerns.

First, the Response argues there is "no[] need to establish [the transferee court has] independent personal jurisdiction over cases transferred under 28 U.S.C. § 1407," as some now-abrogated decisions have presumed the transferee court enjoys jurisdiction which is derivative of the transferor court' jurisdictions.  (Resp. at 3).  This "derivative personal jurisdiction" theory posits an expansive view of jurisdiction incompatible with *Bristol-Myers* and other recent Supreme Court precedent, which specifically requires a connection between the forum and the specific claims asserted. *See, e.g.*, 137 S. Ct. at 1781 (aggregation of certain cases within multi-case process failed, where "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue"); *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (cases decided in an era where "doing business" in a forum was sufficient to justify jurisdiction "should

---

[4]  The facts and applicable legal standards set forth in Plaintiffs' motion are incorporated by reference as if fully set forth herein.  (Pls.' Mot. at 1–4).

not attract heavy reliance today").[5]    Similarly, the proposition that § 1407 magically creates "independent" jurisdiction in whichever district court the Panel chooses contradicts *Bristol-Myers*'s clear requirement that the transferee forum—in this case the Northern District of Illinois—be related to the specific claims at issue—here, claims raised by New York dentists against a New York-based insurance company concerning conduct alleged to have occurred in New York. *Cf. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (finding district court overseeing MDL lacked independent authority under § 1407 to exercise jurisdiction over transferred case for trial).

Second, the Response argues § 1407 neutralizes constitutional Due Process concerns related to MDL transfer, because (the Response says) this statute amounts to Congressional authorization of nationwide personal jurisdiction for all multidistrict actions irrespective of the alleged facts.  (Resp. at 3).  As an initial matter, § 1407 does not expressly create nationwide personal jurisdiction, as many statutes do. *Compare* 28 U.S.C. § 1407 (no mention of nationwide jurisdiction), *with, e.g.*, 15 U.S.C. § 53(a) (Federal Trade Commission Act specifically provides for nationwide jurisdiction).  If Congress had wanted the MDL statute to encompass nationwide personal jurisdiction, it would have said so.  Absent such express intention, none can be presumed. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1556–58 (2017).

Most damningly, any attempt to twist § 1407 into always providing nationwide personal jurisdiction runs afoul of *Bristol-Myers*'s clear requirement that there be a nexus between the

---

[5] Rejecting *Daimler*'s instruction to focus on modern jurisprudence when faced with constitutional jurisdiction issues like those here, the Response asks this Panel to follow outdated precedent in perpetuating the "derivative jurisdiction" legal fiction now disallowed by *Bristol-Myers*.  (Resp. at 3 (citing *Howard v. Sulzer Orthopedics, Inc.*, 382 F. App'x 436, 442 (6th Cir. 2010); *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3d Cir. 2004); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987) ("*Agent Orange*"))).

3

forum and the harm alleged by the Plaintiffs. 137 S. Ct. at 1781 (Court based in California lacked jurisdiction to include in multi-action litigation claims of "nonresident[ plaintiffs who] were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California."). There is no such factual nexus here because the New York dentists suffered harm in New York by a New York-based company.[6]

### B. This Panel Can And Must Address Due Process Implications Of Transfer

The Response also asserts this Panel has no authority to consider the Due Process violations caused by its own orders. (Resp. at 2). To the contrary, consistent with the constitutional duties of all courts, this Panel has frequently conducted Due Process analysis prior to transferring an action to an MDL. *See, e.g.*, *In re Fisher-Price Rock 'n Play Sleeper Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1357, 1360 (J.P.M.L. 2019); *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F. Supp. 2d 1380, 1382 (J.P.M.L. 2008); *In re Sugar Industry Antitrust Litig.*, 399 F. Supp. 1397, 1400 (J.P.M.L. 1975).

Even where no constitutional objection to transfer has been lodged, this Panel carefully examines whether MDL transfer is appropriate under the same efficiency and fairness considerations animating traditional Due Process analysis.[7] This Panel's Due Process examination often has led to denial of transfer. *E.g.*, *In re Honey Prod. Mktg. & Sales Practices Litig.*, 883 F.

---

[6] The Response incorrectly argues Plaintiffs allege facts showing Illinois has nexus with their claims. (Resp. at 6 (citing *Ben Zvi* Compl. ¶¶ 2, 26, 108–110 (Dkt. Nos. 177-3 & 184-3 in MDL No. 2931))). The cited portions of Plaintiffs' complaint merely state that one entity involved in the described market allocation happens to be based in Illinois; there is no suggestion Illinois has been the nexus for the violations alleged. *See Ben Zvi* Compl. ¶¶ 2, 26, 108–110.

[7] Again, all courts must examine whether their rulings violate the boundaries of constitutional jurisdiction. *Ruhrgas AG*, 526 U.S. at 584; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is presumed that a cause lies outside [of federal courts'] limited jurisdiction and the burden of establishing the contrary resting upon the party asserting jurisdiction.").

Supp. 2d 1333, 1333 (J.P.M.L. 2012) (denying 1407 motion where actions involve different products marketed in different states under different local regulations); *In re Credit Card Prot. Plan Mktg. & Sales Practices Litig.*, 753 F. Supp. 2d 1375, 1375–76 (J.P.M.L. 2010) (denying transfer even though "some facts in the [proposed MDL] actions overlap" because the claims were against "different [companies] regarding different products"); *In re Auction Rate Sec. (ARS) Mktg. Litig.*, 581 F. Supp. 2d 1371, 1372 (J.P.M.L. 2008) (denying transfer even though "the actions share some general common factual questions" because "any common factual questions" were not "sufficiently complex and/or numerous to justify Section 1407 transfer" as "the actions involve different representations made to each purchaser[-plaintiff], which will necessarily vary from [defendant to defendant").[8]

### C.  There Is No Basis For MDL Transfer Of These Claims Against This Defendant

The Response's final argument is that MDL transfer of these New York dentists' claims against DDNY is automatically permissible, merely because courts in other cases have authorized MDL transfer following *Bristol-Myers*.  (Resp. at 5–6).  This argument misses the point.  The question is not whether *Bristol-Myers* categorically prohibits MDL transfer—Plaintiffs do not suggest it does—but whether MDL transfer of these claims is permissible in the face of Plaintiffs' opposition and in light of *Bristol-Myers* and this Panel's precedent requiring a nexus between the transferee forum and the specific claims being transferred.

---

[8]  The precedent the Response cites on this point is distinguishable, (Resp. at 2), as these decisions addressed the separate issue of whether this Panel may rule on a motion to remove or remand.  *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720, 2017 WL 4582708, at *1 (J.P.M.L. Aug. 2, 2017) (declining to consider motion for remand to state court) (cited by Resp. at 2); *Salemy v. Biomet, Inc.*, 2015 WL 1268305, at *2 (N.D. Ind. Mar. 18, 2015) (noting Panel lacks authority to consider motion for removal t (cited by Resp. at 2).

Simply put, the facts here preclude transfer.  DDNY perpetrated its market-allocation scheme against New York dentists in New York.  Other entities with some iteration of the "Delta Dental" name simultaneously targeted dentists in other, discrete parts of the country—either at state or regional level.  *See Ben Zvi* Compl. ¶ 114.  Because DDNY's actions against New York dentists were limited to New York rather than nationwide in scope, New York dentists' claims cannot constitutionally be lumped together with those of dentists in other states or regions against other entities simply because these also have "Delta Dental" as part of their name.  *Bristol-Myers*, 137 S. Ct. at 1781 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue."); *cf. Mussat v. IQVIA*, 953 F.3d 441, 446 (analogizing federal multidistrict litigation to California's system of multi-case consolidation which led to the unconstitutional exercise of personal jurisdiction in *Bristol-Myers*).

The decisions the Response cites as justifying transfer here, (Resp. at 2–5), are all inapposite.  The courts there did not even consider a Due Process objection, as the plaintiffs there raised none.  Moreover, these cases are factually distinguishable, as in this case, unlike there, all operative facts related to these Plaintiffs' harms occurred in New York and not anywhere else. That DDNY may have also failed to compete in other states, harming dentists in those states, has no relevance to this Panel's Due Process analysis concerning the New York dentists' claims.  None of the Response's cited cases applies here.  *See In re RAH Color Techs. LLC Patent Litig.*, 347 F. Supp. 3d 1359, 1360 (J.P.M.L. 2018) (same defendant) (cited by Resp. at 2, 5); *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, 2018 U.S. Dist. LEXIS 131985, at *2–3 (J.P.M.L. Apr. 5, 2018) (group of defendants each acting nationwide and jointly) (cited by Resp. at 2); *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1117–18, 1137 (S.D. Fla. 2019) (group of defendants each acting nationwide and jointly) (cited by Resp. at 5); *Weston v. Big Sky Conf.*,

6

2020 WL 3129548, at *5 (N.D. Ill. June 12, 2020) (same defendant) (cited by Resp. at 3, 5); *Zornoza v. Terraform Global, Inc.*, 419 F. Supp. 3d 715, 726-27 (S.D.N.Y. 2019) (cited by Resp. at 3, 5) (group of defendants each acting nationwide and jointly).

Finally, insofar as the Response suggests there is a public policy rationale for blindly transferring actions to an MDL based on superficial glimpses of factual commonality, (Resp. at 5), this Panel has rejected such logic. Importantly, denying transfer here need not lead to inefficiency in litigation, as this Panel has recognized in such circumstances: "Available alternatives to [transfer and] centralization may minimize whatever possibilities exist of duplicative discovery or inconsistent pretrial rulings." *In re Honey Prod. Mktg. & Sales Practices Litig.*, 883 F. Supp. 2d at 1333.

## II.    CONCLUSION

For the reasons set forth above and in the prior brief, Plaintiffs' motion to vacate CTO-3 should be granted.

Dated:    New York, New York
          September 15, 2020

                                Respectfully submitted,

                                **FRANK LLP**

                                By:    */s/ Gregory A. Frank*
                                Gregory A. Frank (N.Y.: GF0531)
                                Marvin L. Frank (N.Y.: MF1436)
                                Asher Hawkins (N.Y.: AH2333)
                                305 Broadway
                                New York, New York 10007
                                Tel: (212) 682-1853
                                Fax: (212) 682-1892
                                gfrank@frankllp.com
                                mfrank@frankllp.com
                                ahawkins@frankllp.com

                                *Attorneys for* Ben Zvi *Plaintiffs*

7