**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: DELTA DENTAL ANTITRUST LITIGATION                    MDL No. 2931

**TRANSFER ORDER**

**Before the Panel:**  Plaintiffs in the Southern District of New York *Ben Zvi* action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred *Ben Zvi* to the Northern District of Illinois for inclusion in MDL No. 2931.  The Delta Dental defendants[1] oppose the motion.

Plaintiffs in the actions pending in MDL No. 2931 allege that Delta Dental insurance plans aggregated unlawful monopsony power in the market for dental insurance in the United States through their artificial territorial division of the market among the Delta Dental plans.  Plaintiffs' complaint in *Ben Zvi* is virtually identical to those in the MDL, but the *Ben Zvi* plaintiffs name only one of the Delta Dental insurers—Delta Dental of New York—as a defendant, limit the putative class they seek to represent to New York dentists, and assert state antitrust claims in addition to Sherman Antitrust Act claims.[2]  The *Ben Zvi* plaintiffs argue that these distinctions are critical

---

[1] The Delta Dental defendants include:  Delta Dental Plans Association; Delta Dental Insurance Company; DeltaUSA; Arizona Dental Insurance Service, Inc. d/b/a Delta Dental of Arizona; Delta Dental Plan of Arkansas, Inc.; Delta Dental of California; Colorado Dental Service Inc. d/b/a Delta Dental of Colorado; Delta Dental of Connecticut Inc.; Delta Dental of Delaware; Delta Dental of the District of Columbia; Hawaii Dental Service; Delta Dental Plan of Idaho, Inc. d/b/a Delta Dental of Idaho; Delta Dental of Illinois; Delta Dental of Indiana, Inc.; Delta Dental of Iowa; Delta Dental of Kansas Inc.; Delta Dental of Kentucky, Inc.; Maine Dental Service Corporation d/b/a Delta Dental Plan of Maine; Dental Service of Massachusetts, Inc. d/b/a Delta Dental of Massachusetts; Delta Dental Plan of Michigan, Inc.; Delta Dental of Minnesota; Delta Dental of Missouri; Delta Dental of Nebraska; Delta Dental Plan of New Hampshire, Inc.; Delta Dental of New Jersey, Inc.; Delta Dental Plan of New Mexico, Inc.; Delta Dental of New York; Delta Dental of North Carolina; Delta Dental Plan of Ohio, Inc.; Delta Dental Plan of Oklahoma; Oregon Dental Service d/b/a Delta Dental of Oregon; Delta Dental of Pennsylvania; Delta Dental of Puerto Rico; Delta Dental of Rhode Island; Delta Dental of South Dakota; Delta Dental of Tennessee; Delta Dental Plan of Vermont, Inc.; Delta Dental of Virginia; Delta Dental of Washington; Delta Dental of West Virginia; Delta Dental of Wisconsin, Inc.; and Delta Dental Plan of Wyoming d/b/a Delta Dental of Wyoming.

[2] In contrast, the actions in the MDL uniformly name all of the Delta Dental defendants, including Delta Dental of New York, and assert claims on behalf of a putative nationwide class of
(continued...)

-2-

because, as a result, there is no personal jurisdiction in the Northern District of Illinois—either general or specific—over any of the parties to *Ben Zvi*.

We have long denied objections to transfer based on the transferee court's alleged lack of personal jurisdiction:

> Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue.  A transfer under Section 1407 is, in essence, a change of venue for pretrial purposes.  Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.

*In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) (internal citations omitted).  Every federal court to have considered the issue has affirmed that "the transferee court can exercise personal jurisdiction to the same extent that the transferor court could."  *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3d Cir. 2004).

The *Ben Zvi* plaintiffs argue that this longstanding precedent was abrogated by the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017).  *Bristol-Myers* involved a mass tort litigation in California state court.  Roughly 700 plaintiffs, most of whom were not residents of California, filed lawsuits in California state court against Bristol-Myers Squibb.  Plaintiffs asserted state-law claims based on injuries they suffered that allegedly were caused by taking Plavix, a blood-thinning drug.  *Id.* at 1778.  Defendant challenged jurisdiction as to the out-of-state plaintiffs.  The California Supreme Court acknowledged that general jurisdiction was lacking—as Bristol-Myers did not manufacture, label, package, or work on regulatory approval of the product in California—but found that California courts had specific jurisdiction over the nonresidents' claims.  *Id.* at 1778–79.  The United States Supreme Court reversed.  It held that California state court did not have jurisdiction over Bristol-Myers with respect to the claims of the plaintiffs who were not California residents and had not purchased, used, or been injured by Plavix in California.  *Id.* at 1783–84.  The *Ben Zvi* plaintiffs argue that *Bristol-Myers* precludes exercise of personal jurisdiction by the Northern District of Illinois over *Ben Zvi* because neither the plaintiffs nor defendant are located in Illinois, and that state purportedly lacks a meaningful link to the events underlying plaintiffs' claims.

We are not persuaded that *Bristol-Myers* necessitates unraveling more than forty years of MDL jurisprudence.  First and foremost, *Bristol-Myers* addressed the question of when consolidation of actions in *state courts* involving out-of-state parties violates due process under the Fourteenth Amendment.  The Court expressly reserved the question whether its holding applies to federal courts.  *See id.* ("[S]ince our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes

---

[2](...continued)
dentists..

-3-

the same restrictions on the exercise of personal jurisdiction by a federal court."). Moreover, the facts underlying *Bristol-Myers* implicate very different federalism concerns than those presented by transfer under Section 1407—namely, the territorial limitations on the power of the states. *See id.* at 1780 ("Assessing this burden [on the defendant] obviously requires a court to consider the practical problems resulting from litigating in the forum, but it also encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question."). Such concerns are absent here, as the *Ben Zvi* plaintiffs filed their complaint in federal court.

The *Ben Zvi* plaintiffs argue that our precedent regarding personal jurisdiction in multidistrict litigation is based on a "legal fiction" that Section 1407 creates independent jurisdiction in the transferee court. Plaintiffs misstate our precedent. Jurisdiction in any federal civil action *must* exist in the district where it is filed. This does not change when an action is transferred under Section 1407. Parties can and do challenge jurisdiction in the transferor court after Section 1407 transfer (*i.e.*, in the transferee court). *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1137 (S.D. Fla. 2019) ("[F]or the Transferor Actions the Court must determine whether the transferor district courts had general jurisdiction over the corresponding Domestic Defendants; and for the [actions filed directly in the transferee court], the Court must determine whether *it* can exercise general jurisdiction over the Domestic Defendants.").

Furthermore, the Panel may only transfer an action for "coordinated or consolidated pretrial proceedings" and must remand the action to the transferor court when pretrial proceedings are complete. 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998).[3] While in the MDL, the action generally remains subject to the substantive law and choice of law rules to which it would have been subject in the transferor court. *See, e.g.*, *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 17–18 (1st Cir. 2012) ("Where a suit is consolidated and transferred under § 1407, courts typically apply the choice of law rules of each of the transferor courts."). Absent a *Lexecon* waiver by the parties, any trial of the action must occur before a judge or a jury from the transferor court. Limited transfer for pretrial proceedings only is an important and meaningful distinction. *Compare* 28 U.S.C. § 1404(a) (allowing transfer of an action to a district for all purposes, including trial, only to "any other district or division where it might have been brought" or to which all parties consent), *with* 28 U.S.C. § 1407(a) (allowing transfer "to any district" for pretrial purposes where civil actions involve one or more common questions of fact, are pending in different districts, and transfer "will be for the convenience of

---

[3] The *Ben Zvi* plaintiffs characterize the *Lexecon* decision as "holding that [the] transferee court lacked independent authority under Section 1407 to exercise jurisdiction over [the] transferred case for trial." Pls.' Reply Br. at 3, MDL No. 2931 (J.P.M.L. Sept. 15, 2020), ECF No. 188. This is a tendentious characterization, as the Court's holding in *Lexecon* was not based on jurisdictional grounds. Rather, the Court held that the statutory language of Section 1407 requires the Panel to remand actions to their transferor courts at the close of pretrial proceedings, which necessarily bars the transferee court from transferring an action to itself for trial under Section 1404 that previously was transferred to the court by the Panel under Section 1407. *See Lexecon*, 523 U.S. at 34–41.

-4-

parties and witnesses and will promote the just and efficient conduct of such actions").

Accepting the *Ben Zvi* plaintiffs' argument would create a number of fundamental problems. It is well-established that Section 1407 does not grant the Panel authority to decide questions going to the jurisdiction or merits of a case. *See, e.g.*, *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Requiring the Panel to decide jurisdictional questions creates a multiple-decider problem, as a district court—whether the transferor court or the transferee court—has a duty to review its jurisdiction over matters before it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577–78 (1999). Moreover, the structure of the Panel, as established by Section 1407, is not conducive to deciding jurisdictional issues, which at times may entail overseeing jurisdictional discovery.[4]

Perhaps even more problematic, however, is the impact that accepting plaintiffs' argument would have on multidistrict litigation writ large. At the least, the potential transferee fora for a given MDL would be significantly limited if personal jurisdiction over all parties is required in the transferee court. Under plaintiffs' approach, it may be that no district has personal jurisdiction over all parties in multi-defendant MDLs such as the *Delta Dental* litigation. If all parties and actions cannot be consolidated or coordinated within an MDL, the efficiency benefits of the MDL may be severely curtailed. Such a profound change in MDL practice is not warranted by *Bristol-Myers*, which neither reached nor resolved the question whether, when an action is transferred under Section 1407, personal jurisdiction must exist in the transferee court independent of personal jurisdiction in the transferor court.

Therefore, after considering the argument of counsel, we find that the *Ben Zvi* action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2931, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that the Delta Dental defendants have divided and allocated among themselves dental insurance markets throughout the nation to eliminate competition. Plaintiffs allege that defendants abused their monopsony power to: (1) restrict competition between the Delta Dental insurers when operating under the "Delta Dental" brand; (2) reduce the amounts of reimbursement paid by the Delta Dental insurers to dentists and dental practices who provide services to patients under Delta Dental insurance plans; and/or (3) restrict competition between the Delta Dental insurers when operating under non-Delta Dental brands. *See In re Delta Dental Antitrust Litig.*, 433 F. Supp. 3d 1358, 1359 (J.P.M.L. 2020). Plaintiffs in *Ben*

---

[4] *Ben Zvi* itself illustrates this. The parties appear to dispute whether personal jurisdiction exists over this matter in the Northern District of Illinois. Defendants argue that plaintiffs' claims are based on an alleged contract, combination, or conspiracy among the Delta Dental Plans Association, which is headquartered in the Northern District of Illinois, and its members, with the Association the purported "instrumentality" of the scheme.

-5-

*Zvi* allege the same anticompetitive conduct by the Delta Dental defendants and assert violations of the Sherman Antitrust Act, as well as New York antitrust law. *Ben Zvi* thus shares multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Elaine E. Bucklo for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         David C. Norton
Roger T. Benitez            Dale A. Kimball

**IN RE: DELTA DENTAL ANTITRUST LITIGATION**                    MDL No. 2931

## SCHEDULE A

<u>Southern District of New York</u>

BEN ZVI, ET AL. v. DELTA DENTAL OF NEW YORK INC., C.A. No. 1:20−05628